## CALIFORNIA LOAN & TRUST CO. v. HAMMELL.[*]

### L. A. No. 5; February 24, 1896.

#### 43 Pac. 955.

**Appeal—Questions not Presented to Trial Court.**—Where questions, the determination of which is essential to the full adjustment of the equities between the parties, were not presented to the trial court for determination, and the findings of that court upon the issues submitted are supported by the evidence; its judgment, warranted by such findings, will not be reversed on appeal.

[*]Rehearing denied.

APPEAL from Superior Court, Los Angeles County; Walter Van Dyke, Judge.

Action by the California Loan and Trust Company against James Hammell. Judgment for defendant and plaintiff appeals. Affirmed.

Walter Bordwell for appellant; Guthrie & Guthrie for respondent.

TEMPLE, J.—Appeal from judgment and from an order refusing a new trial.

One Wilkins owned land at Azusa; Goldsberry, a tract at Clearwater. They agreed to exchange lands. Goldsberry was to convey his tract clear of encumbrance and give $2,000 difference—the $2,000 to be secured by a mortgage on the Azusa property which he was to get from Wilkins. It was found that his land was mortgaged to one Tring for $830; and Goldsberry, to pay this, agreed to mortgage the Azusa tract for $830 more, and Wilkins assented to the change. Wilkins owed plaintiff about $3,500, which was secured on the Azusa tract. Plaintiff consented to take, in lieu of this security, whatever Wilkins received in exchange. Accordingly, when the trade was consummated, Wilkins assigned the notes and mortgage which he received from Goldsberry to plaintiff, as collateral security, and also had the Clearwater tract conveyed to a trustee, also as security for his indebtedness to plaintiff. Subsequently Goldsberry paid both of his notes, and they were credited upon Wilkins' indebtedness. It appears incidentally—although neither party seems to think the circumstance of any importance—that plaintiff had assigned Wilkins' note with the security, and guaranteed its payment. Afterward plaintiff purchased the Tring mortgage, and brought this action to foreclose it.

It is contended by the defendant that, at the time of the execution of the $830 note to Wilkins, plaintiff agreed to take the note, and, in consideration of it, to pay the debt secured by the Tring mortgage; in other words, that the $830 note was not assigned to plaintiff as security for the payment of Wilkins' debt to it, but in consideration of its promise to pay the Tring debt. So far as it concerned the amount of Wilkins' debts, or the encumbrance upon the mortgaged premises, it did not matter upon which debt the $830 was credited;

for Wilkins had assumed the Tring mortgage, and both constituted liens upon the same property. Upon whichever it was paid, therefore, Wilkins would get the benefit of it, and the premises would be relieved of the encumbrances upon it to just that amount. And the same is true as to defendant, who purchased the mortgaged premises from Wilkins. As both debts constituted encumbrances upon his land, upon whichever the $830 was paid, he was relieved to the same extent. The only possible difference it could make to either Wilkins or defendant would be that, if the Tring debt became due first, by paying that off the time of payment would be extended, and there would be but one mortgage on his land, instead of two. It would be quite natural, therefore, for the parties to agree that plaintiff would take care of the Tring mortgage, and see that it was not foreclosed. The court found—and the finding is sustained by the evidence—that plaintiff did agree to pay the Tring debt with the $830 received from Goldsberry. Instead of doing this, plaintiff assigned the Wilkins note, and passed to the assignee the $830 note as collateral security, and, when paid, the money was credited on the Wilkins debt. This mistake did not harm Wilkins or defendant, unless he is called upon to pay the Tring debt before the Wilkins debt is due. The mere fact that money received by the mortgagee was credited upon the wrong note will not deprive the creditor of his lien. If the notes were still owned by plaintiff, the error could now be corrected, and the result would be that the Tring mortgage would be canceled, and the plaintiff would be permitted to collect the money upon its second mortgage. And if the Wilkins debt has been fully paid, and the $830 was used in its payment, I see no reason why plaintiff should not be permitted to foreclose the mortgage in question here. It can make no difference to defendant on which mortgage he pays the money, which, in any event, is justly a burden upon his land. But the record does not show the facts which would entitle the plaintiff to that relief. Since no issue was made upon the question in the court below, and there is no finding, we are not permitted to conclude that plaintiff did guarantee to its assignee the payment of the Wilkins debt; and we do not know whether the Wilkins debt is due, or has been paid. Upon the facts found, plaintiff is not entitled to a foreclosure of his mortgage. The findings are sustained by evidence; and

although I may feel that justice has, somehow, miscarried, I do not see how, under the circumstances, it can be prevented in this case. The judgment and order are affirmed.

We concur: McFarland, J.; Henshaw, J.